Jonathan A. Stieglitz, Esq.
(SBN 278028)
**THE LAW OFFICES OF**
**JONATHAN A. STIEGLITZ**
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Tel: (323) 979-2063
Fax: (323) 488-6748
Email: jonathan.a.stieglitz@gmail.com

Chris R. Miltenberger (TX Bar # 14171200)
chris@crmlawpractice.com
**Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
Phone: (817) 416-5060
Fax: (817) 416-5062
*Pro Hac Vice Admission Forthcoming*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **Pam Lamkin**<br>Plaintiff<br><br>**Portfolio Recovery Associates, LLC**<br><br>Defendant | Case No. _____<br><br>**CIVIL ACTION**<br><br>**Plaintiff Chris Parker's Original Complaint and Jury Demand** |

1. Pam Lamkin ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin.*

1 | *Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Plaintiff was notified by the MDL class action administrator in *In re Portfolio Recovery Associates, LLC. Telephone Consumer Protection Act Litigation*, No. 11-MD-2295-JAH-BGS (the "Portfolio Recovery MDL Class Action") that she was identified as an individual whose Defendant's records indicate was called on her cell phone by Defendant. The parties in the Portfolio Recovery MDL Class Action entered into a court-approved settlement agreement. Plaintiff opted-out of that settlement agreement.

3. Plaintiff now bring her individual action to attempt to recover on an individual basis for calls to her cell phone(s).

4. The TCPA prohibits calls to a cell phone made with an auto dialer or with a prerecorded voice unless prior express consent is given. Plaintiff never so consented.

5. Portfolio Recovery Associates LLC ("Defendant") called Plaintiff's cell phone using an auto dialer and/or a pre-recorded voice. Because Plaintiff had not given her consent to receive calls from Defendant, these calls violated the TCPA.

6. This is the exact scenario Congress attempted to prevent in enacting the TCPA. Plaintiffs now seek this Court's intervention and help in attempting to prohibit this unlawful conduct.

**Parties**

7. Plaintiff is a resident of California and lives in this District.

8. Defendant is a debt collector who buys junk debt and attempts to collect on it. Defendant regularly conducts business in California.

## Jurisdiction & Venue

9. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

10. Venue is proper before this Court under 28 U.S.C. § 1391(b)(1) and (2). Venue is proper in this District because some of the acts subject to this action were taken by Defendant in this District. Plaintiff received calls in this District. Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## Article III Standing

11. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

12. Plaintiff was harmed by Defendant's actions of calling her in the following manners:

    a. Plaintiff's privacy was invaded by Defendant;

    b. Plaintiff was harassed and abused by Defendant's telephone calls;

    c. Defendant's calls were a nuisance to Plaintiff;

    d. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

    e. Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's telephone;

    f. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

    g. Defendant's seizure of Plaintiff's telephone line was intrusive; and

      h.  Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his phone ring and having to check the calling party.

## Factual Allegations

13.  Defendant's business is the collection of accounts receivables from consumers. Defendant uses a predictive dialer and other computerized dialing systems to make telephone calls to cellular telephone numbers, often without the prior express consent of the persons using those cellular telephone numbers. This practice violates the TCPA.

14.  Defendant purchased debt and attempted to collect the balance alleged owed by Plaintiff.

15.  Defendant began collection efforts on the alleged debts and began a process of harassing phone calls to Plaintiff.

16.  Defendant made calls to Plaintiff's cell number(s).  On information and belief, the purpose for these calls was debt collection.

17.  Defendant placed automated calls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") "which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)."

18.  Defendant placed calls using Avaya Proactive Contact Dialers and/or another predictive dialer ("Predictive Dialers") and/or other computer dialing systems ("Dialers") that constitute an ATDS. The dialing system constitutes an automatic telephone dialing system; it is capable of storing, producing, and dialing any telephone number, and is capable of storing or producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiff's cellular telephone numbers at issue when Defendant made the calls. Rather, the dialing system electronically dialed Plaintiff's cellular

telephones in an automated fashion. The dialing system otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

19. When the calls connected, there was silence followed by an audible click from the receiver. After a significant pause, a live agent would come on the line. As such, the calls at issue were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiff's numbers without human intervention.

20. The facts in the preceding paragraph indicate the calls were placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

21. On some of the calls to Plaintiff Defendant left a message consisting of a prerecorded voice. Plaintiff listened to the message and recognized that it was not a live person leaving the message but an automated voice recording.

22. The facts in the preceding paragraph indicate some calls were placed using an "artificial or prerecorded voice."

23. None of the calls at issue were placed by Defendant to Plaintiff's telephones were for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

24. The calls at issue in this lawsuit occurred within the applicable statute of limitations as tolled by the doctrine set forth in *American Pipe & Construction. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Plaintiff seeks recovery for each of these calls.

25. As a result of aforementioned tenacious collection efforts, Plaintiff was affected, both personally and individually, as he experienced an invasion of privacy, stress, anxiety, nervousness, hypertension, instability, worry, embarrassment, intimidation, and indignation.

26. Within the applicable statute of limitations as tolled by the doctrine of *American Pipe*, Plaintiff received calls from Defendant on his cellular telephone and

residential telephone. On information and belief, the purpose for these calls was debt collection.

27. Plaintiff is the subscriber on the account for her cellular telephone (XXX-XX-5906) and is charged for calls made to her cellular telephone via a monthly charge.

28. Plaintiff has not provided Defendant with his telephone numbers or permission to call his telephone.

29. The calls made by Defendant to Plaintiff's cellular telephone number were made with an ATDS and/or an "artificial or prerecorded voice."

## Legal Claims

**Count 1, Violation of the TCPA: Plaintiff brings a cause of action in his individual behalf for violations of the TCPA's provisions prohibiting auto-dialed and prerecorded message calls to cell phones**

30. Plaintiff incorporates the allegations from all of the previous paragraphs as if fully set forth herein.

31. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation 47 U.S.C. §227(b)(1)(A)(iii).

32. Plaintiff is informed, believes and alleges that Defendant's violations of the TCPA described above were done willfully and knowingly.

33. The willful and knowing nature of Defendant's conduct is exhibited in part by the following facts:

    a. Defendant is a large entity with access to legal advice through its own regulatory department and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful;

b. Defendant has been sued many times under the TCPA;

c. Defendant knew or had reason to know that its conduct was inconsistent with published FCC guidance interpreting the TCPA and the plain language of the statute;

d. Defendant knew that Plaintiff had not consented to calls to her cell phone as in many cases Defendant only received Plaintiffs' cell phone from skip-tracing;

e. Upon information and belief Defendant knew that permission was required before Defendant could call any of the respective Plaintiff's cell phone using an auto-dialer or a prerecorded voice;

f. Plaintiff told Defendant in writing to not call him; and

g. Upon information and belief Defendant was aware of the requirements of the TCPA, but choose to not to comply with those requirements.

34. Plaintiff is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3) because the violations were willful and knowing violations of the TCPA.

## Relief Sought

35. Plaintiff requests the following relief:

a. That Defendant be found liable under the TCPA and Plaintiff be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each willful/knowing violation of the TCPA with respect to that individual Plaintiff;

b. Plaintiff be granted other relief as is just and equitable under the circumstances.

## Demand for Jury Trial

Plaintiff requests a jury trial as to all claims of the complaint so triable.

| | |
|---|---|
| 1   Dated November 14, 2018 | /s/ Jonathan A. Stieglitz |

Dated November 14, 2018                   /s/ Jonathan A. Stieglitz
Jonathan A. Stieglitz, Esq.
(SBN 278028)
**THE LAW OFFICES OF JONATHAN A. STIEGLITZ**
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Tel: (323) 979-2063
Fax: (323) 488-6748
Email: jonathan.a.stieglitz@gmail.com

Chris R. Miltenberger
(TX Bar # 14171200)
chris@crmlawpractice.com
**Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
Phone: (817) 416-5060
Fax: (817) 416-5062
*Pro Hac Vice Admission Forthcoming*

**Attorneys for Plaintiff**