UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PAM LAMKIN,

            Plaintiff,

    v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

            Defendant.

No. 2:18-cv-03071 WBS KJN

ORDER RE: PLAINTIFF'S MOTION TO AMEND THE JUDGMENT

----oo0oo----

        Plaintiff Pam Lamkin filed this lawsuit against defendant Portfolio Recovery Associates, LLC ("PRA") alleging that defendant auto-dialed calls to plaintiff's cellphone without her express consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The court granted plaintiff's motion for summary judgment (Docket No. 29.), and pursuant to plaintiff's request (Compl. ¶ 35. (Docket No. 1)), the court awarded her statutory damages. (Docket No. 29.) Judgment was entered against defendant on September 30, 2019.

1

(Docket No. 31.)  Despite failing to request pre-judgment

interest, post-judgment interest, or costs previously, plaintiff

now seeks to amend the court's judgment pursuant to Federal Rule

of Civil Procedure 59(e) to include that additional relief.

(Docket No. 36.)

The failure of the judgment to include an award of pre-

judgment or post-judgment interest was not the result of clerical

error or inadvertent omission on the part of the court.  The

court did not award pre-judgment interest because plaintiff did

not ask for it, and the court did not award post-judgment

interest because such an award was unnecessary.  Pre-judgment

interest is awarded at the district court's discretion.  Barnard

v. Theobald, 721 F.3d 1069, 1078 (9th Cir. 2013).  If plaintiff

wanted the court to exercise its discretion to award pre-judgment

interest it was incumbent upon her to so request before entry of

judgment.[1]  Post-judgment interest is covered by 28 U.S.C. §

1961, which provides that "[i]nterest shall be allowed on any

money judgment in a civil case recovered in a district court."

28 U.S.C. § 1961(a).  "[P]ost judgment interest is awarded by

statute as a matter of law so it is automatically added, whether

or not the district court orders it."  Dunn v. HOVIC, 13 F.3d 58,

62 (3d Cir. 1993), cert. denied, 510 U.S. 1031.

Under Federal Rule of Civil Procedure 59(e), a district

court may amend the judgment only if it: "(1) is presented with

newly discovered evidence, (2) committed clear error or the

---

[1]    Additionally, the Ninth Circuit has yet to determine
whether pre-judgment interest is recoverable in TCPA cases.

initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1063 n.1 (9th Cir. 2005). Amending the judgment is "an extraordinary remedy" that is to be used "sparingly." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Plaintiff's only justification for her request is that "[e]quity allows the Court to enter pre-judgment interest." (Pl.'s Mot. to Amend J. at 5 (Docket No. 36).) This is an insufficient reason to amend the judgment. Rule 59(e) motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., 229 F.3d at 890 (emphasis in original).

Even if the court were inclined to consider the merits of plaintiff's motion, "[t]he filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." Davis v. United States, 667 F.2d 822, 824 (9th Cir. 1982). Defendant filed a notice of appeal on October 1, 2019, and the Ninth Circuit processed the appeal that day. (Docket Nos. 32, 34.) Plaintiff filed this motion to amend the judgment on October 10, 2019.[2] (Docket No. 36.) Accordingly, the court cannot amend its judgment to award pre-judgment or post-judgment interest. With regard to taxation of costs, plaintiff may follow the procedure set forth in Federal Rule of

---

[2] Indeed, plaintiff recognized that defendant's appeal divested this court of jurisdiction in its request to entertain its motion to amend. (Pl.'s Request to Entertain at 3 (Docket No. 42).)

3

Civil Procedure 54(d)(1) and Local Rule 292.

IT IS THEREFORE ORDERED that plaintiff's motion to amend the judgment (Docket No. 36), be, and the same thereby is, DENIED.

Dated:  November 13, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE